1811.

West
vs
Hall

The cause was argued before POLK, BUCHANAN, and NICHOLSON, J. by

*Taney*, for the Appellant *(a)*; and by
*F. S. Key*, for the Appellee.

JUDGMENT REVERSED, AND PROCEDENDO AWARDED.

*(a)* He referred to *O'Neale vs. Long*, 4 *Cranch*, 60; and *The State use Sim vs. Oden*, 2 *Harr. & Johns.* 108, *(note.)*

------

## WEST's Ex'x. vs. HALL.

JUNE.

APPEAL from a decree of the Court of Chancery. The cause, which is fully stated in the opinion delivered by this court, was argued before CHASE, Ch. J. and BUCHANAN, NICHOLSON, and EARLE, J.

*Martin* and *Shaaff*, for the Appellant, contended, 1. That the bill ought not to have been taken *pro confesso*. 2. That the bill though taken *pro confesso*, affords of itself no ground for relief. On the *first point*, they referred to *Hawkins vs. Crook*, 2 *P. Wms.* 556. *S. C.* 2 *Eq. Ca. Ab.* 179; and *Davis vs. Davis*, 2 *Atk.* 21. On the *second point*, they cited 2 *Bac. Ab.* 405, 406. *House & Downs vs. Lord Petre*, 1 *Salk.* 311. *Morgan vs. Slade, et ux.* 2 *Horr. & Johns.* 38. *Mitf.* 40, *(note;)* and *Uxbridge vs. Staveland*, 1 *Ves.* 56.

W H by his will bequeathed a legacy to W H H, the complainant, and appointed S W and S W J his executors S W acted as such executor, and possessed himself of the personal estate. W H also by his will devised to S W J sundry tracts of land, which he made chargeable with W H H's legacy in case the personal estate should be deficient. S W never passed any account of the personal estate. W H H brought suit at law for his legacy, but not being able to prove assets, &c. his suit was dismissed. S W is dead, and by his will appointed H W his executrix, who acted as such, and possessed herself of the personal estate of S W more than sufficient to pay W H H's legacy. Bill in chancery by W H H. against H W executrix of S W, and S W J, charging the above facts, and that W H left a large *real* and *personal* estate more than sufficient to pay all his debts and legacies. The bill was taken *pro confesso* against H W, and she appealed to the Court of appeals. *Held*, that if the facts stated in the bill are not sufficient to entitle the complainant to the relief prayed, he cannot resort to the answer of the defendant, the proof taken in the case, or any extraneous matter, to supply the defects in the charges contained in the bill. The bill did charge that the personal estate of W H was sufficient to pay the debts and legacies. It charged that the *real* and *personal* estate were sufficient. It charged that S W executor of W H, possessed himself of the personal estate of the deceased to a *considerable* amount, but it did not state that personal estate of W H came to the hands of the executor sufficient to pay the debts and legacies. It did not state that S W, the executor, wasted or misapplied the personal assets, so as to create a liability on his executrix to the amount so wasted, and to make his personal estate the fund out of which it was to be paid. It did not state that any part of the personal estate of W H came to the hands of H W executrix of S W. Every bill in chancery must state sufficient facts to entitle the complainant to the relief prayed, or relief under the general prayer. There were not facts charged in the bill sufficient to make H W, executrix of S W, liable to pay the complainant's legacy. The bill, to make her liable, ought to have charged the facts herein before stated. The bill being substantially defective, the chancellor, on application, would have granted leave to amend, and the defendant must have answered the amended bill. H W, as executrix of S W, was not the legal representative of W H.

*T. Buchanan* and *Magruder*, for the Appellee, referred to *Dep. Com. Guide*, 69, and 1 *Fonbl.* 319.

CHASE, Ch. J. delivered the opinion of the court. The bill in this case, which was filed by the complainant, (now appellee,) against the executrix of *Stephen West*, and *Stephen West* his son, states, that *William Hall* died in September 1770, having first made his will in writing, wherein he bequeathed £800 sterling to the complainant, *William Hall*; that he appointed *Stephen West*, executor, who acted as such, and possessed himself of the personal estate of the deceased to a very large amount. That *William Hall*, the testator, devised to the defendant, *Stephen West*, sundry lands and tenements, and other real estate, which he made chargeable with the complainant's legacy in case the personal estate should be deficient. The complainant refers to the said will, and makes it part of his bill of complaint. That *Stephen West*, the executor, never passed any accounts of the personal estate of *William Hall*, so that the amount of the personal estate could not be ascertained, or whether the same was sufficient to discharge the legacies. That the complainant brought a suit in the general court, which was dismissed at May term 1796, the complainant not being able to prove personal assets came to the executor's hands sufficient to pay the legacy. That *Stephen West*, the executor, died in 1790, without having settled any account with the orphans court respecting his said administration, having made his will, and appointed *Hannah West*, (one of the defendants,) his sole executrix, who acted as such, and who possessed herself of the personal estate of *Stephen West*, deceased, more than sufficient to pay the complainant's legacy. That the complainant applied to *Stephen West*, *Hannah West*, and the defendant *Stephen West*, for the payment of the legacy, and they all pretended that *William Hall* died insolvent. The complainant charges, that *William Hall* left a large *real* and *personal* estate, more than sufficient to pay all his debts and legacies.

It appears by the will of *William Hall*, referred to and made part of the bill, that *Stephen West*, the defendant, was made an executor with his father, *Stephen West*.

*First question*—Whether on the death of *Stephen West*, the father, the executorship of the estate of *William Hall* did not devolve on *Stephen West*, the defendant? And if so, *secondly*, whether the present bill can be supported against *Hannah West*, executrix of *Stephen West?* And if it can, *thirdly*, whether the bill ought not to charge positively and directly that personal assets belonging to the estate of *William Hall* came to her hands sufficient to pay the debts and legacies of *William Hall?*

The bill is taken *pro confesso:* and if the facts stated in the bill are not sufficient to entitle the complainant to the relief prayed, he cannot resort to the answer of the defendant, the proof taken in the case, or any extraneous matter, to supply the defects in the charges contained in the bill.

The personal estate of *William Hall,* after payment of debts, was to be applied to the payment of the legacies, and if deficient, the real estate devised to *Stephen West,* the defendant, was chargeable with the payment of them.

The bill does not charge that the personal estate of *William Hall* was sufficient to pay the debts and legacies. It charges that the *real* and *personal* estate were sufficient. It charges that *Stephen West,* the executor of *William Hall,* possessed himself of the personal estate of the deceased to a *considerable* amount, but it does not state that personal estate of *William Hall* came to the hands of the executor sufficient to pay the debts and legacies. It does not state that *Stephen West,* the executor, wasted or misapplied the personal assets so as to create a liability on his executrix to the amount so wasted, and to make his personal estate the fund out of which it was to be paid. It does not state that any part of the personal estate of *William Hall* came to the hands of *Hannah West,* executrix of *Stephen,* one of the defendants.

Every bill in chancery must state sufficient facts to entitle the complainant to the relief prayed, or relief under the general prayer. There are not facts charged in the bill sufficient to make *Hannah West,* executrix of *Stephen West,* liable to pay the complainant's legacy. The bill, to make her liable, ought to have charged the facts herein before stated to be necessary. The bill being substantially defective, the chancellor, on the application of the complainant's solicitor, would have granted leave to amend,

1811.

West
vs
Hall

1811.

The State
vs
Wolfe, &c.

and the defendants must have answered the amended bill.

The court are of opinion, that *Hannah West*, as execu-trix of *Stephen West*, is not the legal representative of *William Hall*, and that there are not sufficient facts stated in the bill to charge *Hannah West*, as executrix of *Stephen West*, with the payment of the said legacy.

DECREE REVERSED.